UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
------------------------------------------------------------

| | |
|---|---|
| **Robert Steinbuch**<br>     Plaintiff, | : Index No.: _____<br>: 4-08-CV000456<br>: |
| -v- | : |
| **Hachette Book Group, AKA Hatchette Book Group**<br>     Defendant. | :<br>:<br>: |

------------------------------------------------------------

*FILED U.S. DISTRICT COURT EASTERN DISTRICT ARKANSAS MAY 28 2008 JAMES W. McCORMACK, CLERK By: ___ DEP CLERK*

**COMPLAINT**

This case assigned to District Judge Eisele

  I.  Introductory Statement and to Magistrate Judge Deere

1. This action is for invasion of privacy-violation of publicity and personality rights, defamation of character, and infliction of emotional distress caused by the publication, commercialization, distribution of a book by the Defendant describing, inter alia, the graphic detail the intimate amorous and sexual relations of the Plaintiff, misappropriating Plaintiff's likeness and violating his publicity and personality rights, putting Plaintiff in false light, defaming Plaintiff, intruding on Plaintiff's seclusion, and intentionally inflicting emotional distress on Plaintiff. Defendant's outrageous actions, constituted a gross invasion of his privacy-violating his publicity and personality rights, defaming him, intentionally inflicting emotional distress, subjecting him to humiliation and anguish beyond that which any reasonable person is required to bear under the law.

2. Defendant's actions of publication, commercialization, and/or distribution of the book the Washingtonienne resulted in harm to Plaintiff.

**II. The Citizenship of the Parties and Jury**

3. At all relevant times, the Plaintiff has been a citizen and/or resident of Arkansas.

4. Defendant is an out of state resident.

5. Plaintiff demands a jury trial.

### IV. Jurisdiction and Venue

6. Jurisdiction is founded on diversity of citizenship and amount in controversy.

7. At all relevant times, Plaintiff has been a citizen and/or resident of Arkansas.

8. Defendant is not a resident and/or citizen of Arkansas.

9. Defendant's actions of publication, commercialization, and/or distribution of the book resulting in the harm to Plaintiff in Arkansas gives rise to specific personal jurisdiction in this Court over Defendant.

10. Defendant's ongoing, continuous, and systematic contacts with Arkansas gives rise to general personal jurisdiction in this Court over Defendant.

11. The matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.

12. The harm giving rise to the claims herein are in, inter alia, Arkansas.

13. This Court has Ordered that the most convenient forum for a related case is Washington D.C.

### V. Factual Allegations

14. In May 2004, Jessica Cutler published a "blog," an Internet site, on which she added periodic entries. She entitled the blog "Washingtonienne." Cutler's X-rated blog described in graphic detail her ongoing sexual relationships with six men, including Plaintiff. Cutler made her "Washintonienne" blog notorious and

widely publicized throughout the world with the intention of getting a book deal therefrom.

15. Cutler said: "With a blog, you can't expect your private life to be private anymore."

16. At the time of his relationship with Cutler, Plaintiff did not know that Cutler was simultaneously engaged in sexual relationships with five other men, that she was prostituting herself; and Plaintiff did not know that Cutler was recording the details of her relationship with Plaintiff on her blog. Defendant Cutler put Plaintiff's name and other identifying information about Plaintiff in her blog. That blog is the subject of a separate and distinct litigation in Washington D.C.

17. Cutler said: "Some people with blogs are never going to get famous, and they've been doing it for, like, over a year. I feel bad for them."

18. Cutler signed a deal with *Playboy Magazine* which included a nude photo spread of Cutler posted on Playboy's Internet site, capitalizing on the publicity generated by her blog and her relationship with Plaintiff.

19. Cutler then signed a book contract, contracting for a six-figure advance, with Hyperion Press, a division of the Disney Empire, to write a thinly disguised book, of the roman a clef genre, in which, inter alia, the details of her relationship with Plaintiff are described in graphic fashion.

20. Beginning on or about June 1, 2005 and thereafter, Defendant and others engaged in the ongoing acts of publication, commercialization, and/or distribution of the book the Washingtonienne. This book has the same title as, and tied to, the blog, "Washingtonienne." The book is based upon Plaintiff's private facts never

previously publicized, which invaded Plaintiff's privacy-constitute a violation of Plaintiff's publicity and personality rights, and inflicted emotional distress

21. Defendant also placed Plaintiff in a false light and defamed him through the ongoing acts of publication, commercialization, and/or distribution of the book the Washingtonienne, by making false, harmful, and defamatory assertions about him.

22. This Court has ruled that Arkansas is a Multiple-Publication Rule jurisdiction.

23. According to Hyperion, a publisher of the book, the book is an "utterly unrepentant roman a clef exposing the scandalous truth. . . . [Cutler] uses her 'real life experience. . . for a sexy, semi-autographical novel that is sure to initiate a . . . game of Who's Who.'"

24. Cutler commented in the press that she feels sorry for those people that write blogs for years and never obtain a book deal.

25. In responding to what she has done with her new found wealth resulting from her lucrative book deal, Cutler says "I guess you can buy more drugs."

26. Home Box Office purchased from Cutler the rights to make the book into a TV series.

## VI. Causes of Action

### a. Public Disclosure of Private Facts

27. Plaintiff repeats the previous paragraphs here.

28. Defendant's actions of publication, commercialization, and/or distribution of the book, constitute an invasion of Plaintiff's privacy, satisfying the elements of the tort of publication of private facts. Defendant caused widespread publication and

4

publicity of private intimate facts concerning Plaintiff that had not been publicized in Cutler's blog or elsewhere in a manner that would be deemed outrageous and highly offensive to an ordinary reasonable person of average sensibilities, subjecting Plaintiff to severe emotional distress, humiliation, embarrassment, and anguish.

29. These disclosures were not made for any purposes relating to the dissemination of news or material published in the public interest and of no legitimate public concern. These disclosures were cruel and malicious exposures of the most intimate details of Plaintiff's private life to the public.

30. These disclosures of private facts would be highly offensive to any reasonable person.

31. The invasions of privacy have caused Plaintiff to suffer severe emotional distress, humiliation, embarrassment, anguish, pain and suffering and have damaged him relative to his community.

   b. **Misappropriation-Violation of Publicity, Violation of Personality Rights**

32. Plaintiff repeats the previous paragraphs here.

33. Through Defendant's actions of publication, commercialization, and/or distribution the book, Defendant misappropriated Plaintiff's likeness and identity in the text of and acts of publication, commercialization, and/or distribution of the book subject to this lawsuit. Defendant profited from this misappropriation without the consent of or compensation to Plaintiff.

34. Through Defendant's actions of publication, commercialization, and/or distribution the book, Defendant violated Plaintiff's publicity rights through the

text of and acts of publication, commercialization, and/or distribution of the book subject to this lawsuit. Defendant profited from this misappropriation without the consent of or compensation to Plaintiff.

35. Through Defendant's actions of publication, commercialization, and/or distribution the book, Defendant violated Plaintiff's personality rights through the text of and acts of publication, commercialization, and/or distribution of the book subject to this lawsuit. Defendant profited from this misappropriation without the consent of or compensation to Plaintiff.

36. These actions have caused Plaintiff to suffer severe emotional distress, humiliation, embarrassment, anguish, pain and suffering and have damaged him relative to his community.

### c. False Light

37. Plaintiff repeats the previous paragraphs here.

38. Through Defendant's actions of publication, commercialization, and/or distribution the book, the Washingtonienne, Defendant portrayed Plaintiff falsely and disparagingly, putting him in false light, causing him harm.

39. These actions have caused Plaintiff to suffer severe emotional distress, humiliation, embarrassment, anguish, pain and suffering and have damaged him relative to his community.

### d. Intrusion Upon Seclusion

40. Plaintiff repeats the previous paragraphs here.

41. Through Defendant's actions of publication, commercialization, and/or distribution the book, the Washingtonienne, Defendant's actions intruded upon

Plaintiff's right to seclusion.

42. These actions have caused Plaintiff to suffer severe emotional distress, humiliation, embarrassment, anguish, pain and suffering and have damaged him relative to his community.

### f. Defamation

43. Plaintiff repeats the previous paragraphs here.

44. Defendant defamed Plaintiff.

45. Defendant conveyed false and harmful statements of fact and used defamatory language regarding Plaintiff.

46. Some or all of these statements would fall under the category of per se defamation.

47. These false statements were reasonably calculated to cause Plaintiff harm.

48. These statements were made and/or repeated intentionally, negligently, and/or with actual malice and conscious indifference to Plaintiff's rights and the consequences to Plaintiff.

49. These actions have caused Plaintiff to suffer severe emotional distress, humiliation, embarrassment, anguish, pain and suffering and have damaged him relative to the community, inter alia, regarding his reputation, character, and/or esteem. Plaintiff has suffered economic damages and losses and physical and mental distress. Plaintiff ha suffered actual damages, which exceed the diversity jurisdiction limits.

### g. Intentional Infliction of Emotional Distress

50. Plaintiff repeats the previous paragraphs here.

51. Defendant's actions constitute outrageous conduct.

52. Plaintiff suffered severe emotional distress.

53. Defendant acted intentionally.

54. Defendant was reckless.

55. Defendant intended to cause Plaintiff to suffer damages.

56. Defendant's actions caused Plaintiff to suffer damages.

57. Defendant's actions have caused Plaintiff to suffer severe emotional distress, humiliation, embarrassment, anguish, pain and suffering and have damaged him relative to his community.

### h. Punitive Damages

58. Plaintiff is entitled to punitive damages in response to Defendant's reckless, malicious, intentional, and wanton conduct.

59. Punitive damages should be awarded punitive damages sufficient to set an example to discourage such egregious behavior.

### VII. Prayer for Relief

Wherefore Plaintiff seeks compensatory and punitive damages in an amount in excess of $10,000,000, such other declaratory and injunctive relief as appropriate, all fees, costs and disbursements, and any and all other relief to which Plaintiff is entitled in law and/or equity.

Dated: May __, 2008

_____
Robert Steinbuch
6834 Cantrell Rd., # 222
Little Rock, AR 72207
(718) 673-4393
robertsteinbuch@gmail.com
Plaintiff