IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT STEINBUCH                                          PLAINTIFF

v.                    No. 4-08-CV-000456 JLH

HACHETTE BOOK GROUP                          DEFENDANT

## **DEFENDANT HACHETTE BOOK GROUP'S MOTION TO DISMISS**

Defendant Hachette Book Group ("Hachette"), for its motion to dismiss the plaintiff's complaint, states:

1. This motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. The plaintiff has not met his burden of invoking this Court's jurisdiction. 28 U.S.C. § 1332(a)(1).

3. The plaintiff is a citizen of the State of Arkansas and has been since the filing of this action.

4. Hachette is a citizen of the State of New York and has been since the filing of this action.

5. On the basis of paragraphs 3-4, above, this Court may amend the plaintiff's defective allegations and take jurisdiction over this case. 28 U.S.C. § 1653.

6. The complaint does not state a claim upon which relief can be granted and should be dismissed with prejudice. FED. R. CIV. P. 12(b)(6).

7. The complaint is insufficient to give notice of the claims against Hachette. *Freeman v. Bechtel Constr. Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996).

8. This action is centered on statements allegedly contained in a novel titled *The Washingtonienne* (the "Book"). Complaint ¶¶ 14-26.

9. Hachette is only a distributor of the Book. *See Steinbuch v. Cutler*, 518 F.3d 580, 584 (8th Cir. 2008).

10. The Book's publisher is Hyperion Books. *Id.*

11. The plaintiff's complaint fails to state a claim upon which relief can be granted because it does not contain any allegations that would give rise to a duty on Defendant Hachette's part to investigate the content of the Book. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 465 (E.D. Cal. 1979).

12. As a matter of law, Hachette, which had no direct involvement in the preparation or production of an allegedly libelous publication, cannot be held liable for the contents of the publication. *Id.*

13. The plaintiff's complaint is insufficient on its face to state claims of libel, invasion of privacy, or outrage. *See id.* at 457, 465.

14. As a matter of law, Hachette is merely a conduit for delivering the Book and cannot be held liable on that basis. *Auvil v. CBS "60 Minutes"*, 800 F. Supp. 928, 931 (E.D. Wash. 1992).

15. The complaint does not state a claim for public disclosure of private facts. RESTATEMENT (SECOND) OF TORTS § 652D (1977).

16. On May 16, 2005, the plaintiff himself made the alleged private facts public by filing a complaint in the United States District Court for the District of Columbia alleging invasion of privacy and intentional infliction of emotional distress. Exhibit A, D.C. Complaint, *Steinbuch v. Cutler*, Docket No. 1, No. 1:05-CV-970-PLF (D.D.C. May 16, 2005) (the "D.C. Complaint").

17. To decide this motion, this Court may consider any materials that are part of the public record, including the matters on record before the United States District Court for the District of Columbia. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

18. In the D.C. Complaint, the plaintiff repeated, in graphic detail, the precise passages from Jessica Cutler's web log that he alleged invaded his privacy and caused him emotional distress. Exhibit A, D.C. Complaint ¶¶ 13, 30.

19. The D.C. Complaint was filed as a matter of public record on May 16, 2005. *Id.*

20. The D.C. lawsuit generated a considerable amount of media attention. *See Steinbuch v. Cutler*, D.C. Lawsuit, 2006 WL 979311, at *1 (D.D.C. Apr. 14, 2006) (Friedman, J.).

21. The alleged conduct giving rise to the plaintiff's claims was "Beginning on or about June 1, 2005 and thereafter." Complaint. ¶ 20.

22. As a matter of law, there is no liability for disclosing facts that have already been disclosed in public court records. *Cox Broad. Corp. v. Cohn*, 420

U.S. 469, 493 (1975); *Haynes v. Alfred A. Kopf, Inc.*, 8 F.3d 1222, 1233 (7th Cir. 1993); RESTATEMENT SECOND OF TORTS § 652D, cmt. b.

23. A defendant may not be held liable for publishing a statement that the plaintiff himself has already made public. *Gibson v. Regions Fin. Corp.*, No. 4:05CV01922 JLH, 2008 WL 110917, at *6 (E.D. Ark. Jan. 9, 2008).

24. The complaint does not state a claim for public disclosure of private facts because the complaint does not identify a statement in the Book the revelation of which would be highly offensive. RESTATEMENT (SECOND) OF TORTS § 652D (1977).

25. The complaint does not show that any actions by fictional characters in the Book could reasonably be understood as a portrayal of the plaintiff's actions. *Middlebrooks v. Curtis*, 413 F.2d 141, 142-43 (4th Cir. 1969).

26. The complaint does not state a claim because the contents of the Book are a matter of legitimate public interest. *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1233 (7th Cir. 1993); *Campbell v. Seabury Press*, 614 F.2d 395, 397 (5th Cir. 1980) (per curiam).

27. The complaint does not state a claim upon which relief can be granted because the matters in the Book are of legitimate public concern. *Time, Inc. v. Hill*, 385 U.S. 374, 388 (1967); *Campbell v. Seabury Press*, 614 F.2d 395, 397 (5th Cir. 1980) (per curiam); *Anonsen v. Donahue*, 857 S.W.2d 700, 701, 705 (Tex. Ct. App. 1993).

28. The complaint does not state a claim for intrusion upon seclusion. *Fletcher v. Price Chopper Foods*, 220 F.3d 871, 875 (8th Cir. 2000).

29. The complaint does not state a claim for false light invasion of privacy. *Dodson v. Dicker*, 306 Ark. 108, 113, 812 S.W.2d 97, 99 (1991).

30. The false light claim should be dismissed because the complaint does not allege actual malice. *Id.*

31. Hachette cannot be held liable for statements that the plaintiff made about himself. *Gibson*, 2008 WL 110917, at *6.

32. The complaint does not state a claim for misappropriation or violation of the plaintiff's publicity and personality rights because there is no use of the plaintiff's name or likeness in the Book. *Olan Mills, Inc. v. Dodd*, 353 S.W.2d 22, 24 (Ark. 1962).

33. The complaint does not state a claim for misappropriation or violation of the plaintiff's publicity and personality rights because there has been no capitalization on the plaintiff's name or likeness. *Stanley v. Gen. Media Commc'ns, Inc.*, 149 F. Supp. 2d 701, 706 (W.D. Ark. 2001).

34. The tort of misappropriation or violation of publicity and personality rights does not apply to works of fiction. *Polydoros v. Twentieth Century Fox Film Corp.*, 67 Cal. Rptr. 2d 305, 307 (Cal. Ct. App. 1997), *republished at* 79 Cal. Rptr. 2d 207.

35. The complaint does not contain specific statements that are allegedly defamatory. *Freeman*, 87 F.3d at 1031.

36. The complaint does not state a claim for defamation because the Book does not tend to harm the plaintiff's reputation and is not reasonably calculated to do so. *Faulkner v. Ark. Children's Hosp.*, 69 S.W.3d 393, 402 (Ark. 2002).

37. The complaint does not state a claim of defamation *per se* because such a claim is not recognized in Arkansas. *United Ins. Co. v. Murphy*, 331 Ark. 364, 370, 961 S.W.2d 752, 756 (1998).

38. The complaint does not state a claim for defamation because it does not demonstrate that any of the fictional characters in the Book refer to the plaintiff. *Carter-Clark v. Random House, Inc.*, 793 N.Y.S.2d 394, 395 (N.Y. App. Div. 2005).

39. The complaint does not state a claim for defamation because the Book does not make any statement about the plaintiff that is capable of a defamatory meaning. *Pritchard v. Times Southwest Broadcasting, Inc.*, 642 S.W.2d 877, 878 (Ark. 1983).

40. The complaint does not state a claim for defamation because Hachette did not know or have reason to know the allegedly defamatory nature of the Book it distributed. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 464 (E.D. Cal. 1979); *Austin v. Crystaltech Web Hosting*, 125 P.3d 389, 392 (Ariz. Ct. App. 2005).

41. The complaint does not state a claim for outrage because the distribution of a book is not outrageous as a matter of law. *Faulkner*, 69 S.W.3d at 404.

42. The plaintiff does not have a claim for punitive damages because he does not have a cause of action for compensatory damages. *Olmstead v. Moody*, 842 S.W.2d 26, 28-29 (Ark. 1992).

43. The deficiencies in the plaintiffs' complaint cannot be cured by further pleading.

44. The plaintiff's complaint should be dismissed with prejudice.

45. The following materials are attached to this motion as exhibits:

   a. Exhibit A, D.C. Complaint, *Steinbuch v. Cutler*, Docket No. 1, Case No. 1:05-CV-970-PLF (D.D.C. May 16, 2005).

   b. Exhibit B, First Amended D.C. Complaint, *Steinbuch v. Cutler*, Docket No. 58, Case No. 1:05-CV-970-PLF (D.D.C. Oct. 30, 2006).

46. A brief is filed in support of this motion.

WHEREFORE, Hachette Book Group moves the Court to dismiss the complaint against it with prejudice and to grant it all other relief to which it may be entitled.

WILLIAMS & ANDERSON PLC
Twenty-Second Floor
111 Center Street
Little Rock, AR 72201
Telephone: 501-372-0800
Facsimile: 501-372-6453

By: /s/ Philip S. Anderson
Philip S. Anderson, Ark. Bar. No. 60001
Clayborne S. Stone, Ark. Bar No. 2003102
Andrew King, Ark. Bar No. 2007176

*Attorneys for Defendant Hachette Book Group*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2008, a copy of the foregoing motion was served on all parties of record via this Court's CM/ECF system and a copy has been served via U.S. Mail and electronic mail upon:

Robert Steinbuch, Esquire
6834 Cantrell Road, #222
Little Rock, AR 72207
robertsteinbuch@gmail.com

/s/ Philip S. Anderson
Philip S. Anderson