IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT STEINBUCH                                                              PLAINTIFF

v.                                    No. 4-08-CV-000456 JLH

HACHETTE BOOK GROUP                                                           DEFENDANT

**REPLY BRIEF IN SUPPORT OF DEFENDANT**
**HACHETTE BOOK GROUP'S MOTION TO DISMISS**

### INTRODUCTION

The plaintiff does not address the substance of Hachette's motion to dismiss, but instead improperly attempts to use a response brief as a backdoor way of amending his complaint. Nothing in plaintiff's response, however, cures the fact that the complaint still does not state a claim against Hachette and the complaint should be dismissed as a matter of law, with prejudice. Although plaintiff's response is replete with misstatements of fact and law, Hachette will address in its reply brief only those most pertinent to its motion to dismiss.

### ARGUMENT

**A. The Complaint Does Not State a Basis for Distributor Liability**

The complaint does not state any basis for distributor liability. Rather than respond to the substance of Hachette's argument, the plaintiff re-hashes his grievances with the author of the Book, Jessica Cutler and the publisher, Hyperion, attributing their alleged conduct and knowledge directly to Hachette,

the distributor of the Book as if Hachette is interchangeable with Ms. Cutler and Hyperion, which is not the case.

As discussed in Hachette's principal brief, to survive a motion to dismiss, the plaintiff must allege facts showing that Hachette specifically either knew of the tortious content of the Book or knew facts that imposed a duty on Hachette to investigate. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 464 (E.D. Cal. 1979). "A requirement of specific allegations of facts demonstrating either actual knowledge or facts giving rise to a duty to investigate is especially important in a case seeking to impose liability on a distributor." *Id.* at 465. The response does not point to any allegation of fact in the complaint demonstrating that Hachette either knew of the tortious nature of the Book or giving rise to a duty to investigate.

The plaintiff concedes in his response that he disclosed the very conduct he now alleges to be private in the D.C. lawsuit, but it does not follow, as plaintiff argues, that his disclosure of private facts and assertion of allegations in his lawsuit against the Blog imposed any duty on the distributor of the Book. (Resp. to Def.'s Mot. to Dismiss, p. 8.) The fact that there exist unadjudicated allegations related to a weblog is not a sufficient basis to allege that the distributor of the Book knew or had a duty to investigate the contents of the novel, especially as there are no facts alleged showing that the distributor created or published the Book.

Further, *Triangle Publications, Inc. v. Chumley*, cited by plaintiff (Resp. p. 9), does not support a claim for distributor liability here. Unlike in this case,

which involves a distributor, the newspaper in *Triangle* was the primary publisher. Any parallel between this action and *Triangle* would place Hachette in the role of the secondary distributor, such as the newsstand vendor who offered the newspaper for sale to the public. *See* W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 113, at 803 (5th ed. 1984). As a distributor, neither Hachette nor the newsstand vendor can be held liable on an allegation of mere negligence. *Lewis*, 83 F.R.D. at 464.

The plaintiff's citation to *Batra v. Wolf* is also unavailing. Not only does *Batra* have nothing to do with distributor liability, but the complaint in *Batra* apparently contained sufficient allegations of fact that might cause a reasonable reader to link the public figure plaintiff to the character in the *Law & Order* episode. Here, plaintiff has failed to allege *any specific facts* in the complaint that would lead Hachette, much less a reasonable reader, to identify him with a character in the Book and thus fails to state any cause of action against Hachette, despite the plaintiff's attempts to argue otherwise by repeating conclusory statements in the complaint and response brief.[1]

---

[1] The plaintiff misstates the oral argument made by Hachette's counsel in the course of representing Hyperion Books. (Resp. to Def.'s Mot. to Dismiss, p. 10.) Chief Judge Loken of the United States Court of Appeals for the Eighth Circuit asked Hyperion's counsel whether the court would have personal jurisdiction over a publisher if the sexual acts between the author and the plaintiff occurred in Arkansas rather than the District of Columbia, and the plaintiff was specifically named in the Book. *Steinbuch v. Cutler*, Case No. 07-1509, Oral Arg. at 24:23 (8th Cir. Jan. 14, 2008). Hyperion's counsel responded that there would not be personal jurisdiction over the publisher, but granted that it would be a closer question for specific jurisdiction. *Id.* at 24:45. None of this colloquy has any

The plaintiff has not addressed the deficiencies that are fatal to his complaint. Continuation of this action will force Hachette, a mere distributor of the Book, to defend meritless claims for which it cannot be held liable as a matter of law. The plaintiff's complaint should be dismissed with prejudice.

### B. The Complaint Does Not Satisfy the Rule 8(a) Pleading Standard

The plaintiff's complaint is a textbook example of the "labels and conclusions" and "formulaic recitation of the elements of a cause of action" that fail to state a claim under the Federal Rules of Civil Procedure. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Nothing in the complaint gives Hachette "'fair notice' of the nature of the claim[s]" or the "'grounds' on which the claim[s] rest[]." *Id.*; *see Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The complaint must be dismissed.

*Twombly* clarified the pleading standard under Rule 8(a) of the Federal Rules of Civil Procedure in the context of a Rule 12(b)(6) motion to dismiss. A complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level . . . . 127 S. Ct. at 1965. The federal rules require "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 1965 n.3. Notably, *Twombly* eliminated the "no set of facts" test of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), from the federal pleading standard. *Twombly*, 127 S. Ct. at 1969; see, e.g., *Reichert v. UB Mortgage LLC*, No. 4:08CV00158 JMM,

---

bearing on whether the complaint in this action states a claim against the distributor Hachette.

2008 WL 3200757, at *2 (E.D. Ark. Aug. 5, 2008) (a well-pleaded complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," citing *Twombly*).

The plaintiff's complaint and his response to Hachette's motion to dismiss rely almost exclusively on the now-rejected "no set of facts" statement of the Rule 8(a) pleading standard. The plaintiff repeatedly urges that his complaint should not be dismissed if "any set of facts can be proved consistent with the allegations." (Resp. to Def.'s Mot. to Dismiss, pp. 12, 20, 24, 25, 27, 29) (quoting *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). This language from the Eighth Circuit's 1995 *Frey* decision is derived directly from the "no set of facts" language of *Conley v. Gibson*, 355 U.S. at 45-46. *See Frey*, 44 F.3d at 671 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley*, 355 U.S. at 45-46)). The "no set of facts" phrase "has earned its retirement." *Twombly*, 127 S. Ct. at 1969.

By focusing on the "no set of facts" phrase, which is no longer the pleading standard, the plaintiff is attempting to let his "wholly conclusory statement of claim . . . survive a motion to dismiss [because] the pleadings le[ave] open the possibility that [he] might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 1968. Even before *Twombly*, federal courts "balked at taking the literal terms of the *Conley* passage as a pleading standard." *Id.* at 1969. "At the very least, . . . the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Frey*, 44 F.3d at 671 (upholding

dismissal of conclusory complaint). "[I]n the context of a defamation claim, Fed. R. Civ. P. 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow [the defendant] to defend itself." *McGeorge v. Cont'l Airlines, Inc.*, 871 F.2d 952, 955 (10th Cir. 1989); *see also Freeman v. Bechtel Constr. Co.*, 87 F.3d 1029, 1032 (8th Cir. 1996) (plaintiff must allege specific defamatory statements in the complaint).

The complaint does not allege facts sufficiently to state causes of action for public disclosure of private facts,[2] intrusion upon seclusion, false light,[3] misappropriation, defamation, or outrage.[4] The plaintiff cannot use his response to amend his insufficient complaint, and, in any event, amendment would be futile. This Court should end the plaintiff's quest "to embark upon a classic fishing expedition," *Freeman*, 87 F.3d at 1032, and dismiss the complaint in its entirety.

## CONCLUSION

For the reasons stated herein and in Hachette's motion to dismiss and opening brief, the plaintiff's complaint should be dismissed with prejudice.

---

[2] This action involves the Book, no portion of which has the plaintiff identified as stating private facts about him. Judge Friedman's comments about the Blog at a hearing in the D.C. lawsuit do not touch the legitimate public interest of the statements in the Book.

[3] Contrary to the plaintiff's argument, see Resp. to Def.'s Mot. to Dismiss, p. 13, Arkansas is not a multiple-publication rule state. *Murray v. Galbraith*, 86 Ark. 50, 56, 109 S.W. 1011, 1013 (1908).

[4] Plaintiff has no response to Hachette's argument that he failed to state a claim of outrage and thus concedes that the claim should be dismissed.

Respectfully submitted,

WILLIAMS & ANDERSON PLC
Twenty-Second Floor
111 Center Street
Little Rock, AR 72201
Telephone: 501-372-0800
Facsimile: 501-372-6453

By: /s/ Philip S. Anderson
Philip S. Anderson, Ark. Bar. No. 60001
Clayborne S. Stone, Ark. Bar No. 2003102
Andrew King, Ark. Bar No. 2007176

*Attorneys for Defendant Hachette Book Group*

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2009, a copy of the foregoing brief was served on all parties of record via this Court's CM/ECF system and a copy has been served via U.S. Mail and electronic mail upon:

Robert Steinbuch, Esquire
6834 Cantrell Road, #222
Little Rock, AR 72207
robertsteinbuch@gmail.com

/s/ Philip S. Anderson
Philip S. Anderson