UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
------------------------------------------------
Robert Steinbuch         : Index No.: 4-08-cv-000456 JLH
      Plaintiff,      : (Chief Judge Leon Holmes)
                         :
-v-                          :
                         :
Hachette Book Group, AKA Hatchette Book :
Group                   :
      Defendant.           :
------------------------------------------------

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FEB 05 2009
JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

## NOTICE OF ADDITIONAL AUTHORITIES

In its "Response" to Plaintiff's Notice of Additional Authority ("Hachette's Response"), Hachette belittles Plaintiff's previous notice to this Court that *Chambers v. St. Louis County*, 247 Fed. Appx. 846, 848 (8th Cir. *August* 2007) cited approvingly to *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995), because—as Hachette asserts—*Chambers* is a "single unpublished *per curium* decision of the Eighth Circuit." Hachette's Response at 1. While Plaintiff believes that all of the Eighth Circuit's opinions are relevant, in response to Hachette's "objection," Plaintiff notices as additional authority district court opinions from this Circuit that have also recently cited approvingly to *Frey*. *Thebeau v. J.M. Marschuetz Constr. Co.*, 2009 U.S. Dist. LEXIS 3428 (E.D. Mo. Jan. 9, 2009); *Davis v. Larson Moving & Storage Co.*, 2008 U.S. Dist. LEXIS 87251 (October 27, 2008).

In addition, Hachette continues its patently false claim that Plaintiff seeks to "resurrect the pleading standard abandoned by the Supreme Court in *Twombly*." Hachette's Response at 1. Of course, as Plaintiff set forth in its previous Notice of Additional Authority, Plaintiff did exactly the opposite; Plaintiff *never* cited to the standard for pleading overturned in *Bell v. Twombly*, 127 S. Ct. 1955, 1965 (2007)—Hachette's repeated assertions to contrary notwithstanding. It is hard to believe that Hachette still does not understand this.

Moreover, Hachette *now* concedes that the case that Plaintiff cited—and that Hachette once claimed invalid in its motion to dismiss—sets forth the "basic standard that continues to *thrive* in the Eighth Circuit." Hachette's Response at 2 (emphasis added). Of course, that is exactly what Plaintiff has alleged all along. So, Hachette now accepts the standard that Plaintiff has stated continuously. Plaintiff—as set forth its Response to the Motion to Dismiss—has more than met this standard in Plaintiff's eight-page Complaint, replete with an over-abundance of factual allegations. See Plaintiff's Response to the Motion to Dismiss.

Furthermore, Plaintiff points out that Hachette never moved for a more definite statement under Fed. R. Civ. P. 12(e). Had Hachette truly been confused by the overwhelming factual assertions in Plaintiff's Complaint, Hachette would have sought this relief.

The simple truth is that Hachette made incorrect factual and legal assertions in its Reply in Support of its Motion to Dismiss regarding what Plaintiff stated as the standard of review for this Court—as well as the standard itself. Hachette should have merely conceded these errors when they were pointed out. Instead, Hachette continues to waste this Court's precious resources in its ever contorting and vacillating argument that *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) *is not* or *is* good law—depending on which of Hachette's filings one reads.

February 3, 2009

/s/ Robert Steinbuch
Plaintiff
6834 Cantrell Rd., #222
Little Rock, AR 72207
(718) 673-4393
robertsteinbuch@gmail.com

2

## CERTIFICATE OF SERVICE

Plaintiff served the attached motion by causing it to be mailed via US mail on defendant on February 3, 2009 at:

Philip Anderson et al.
Williams & Anderson
111 Center St.
Little Rock, AR 72201

In addition, plaintiff's filing will result in defendant also receiving service through the ECF system.

Robert Steinbuch