IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT STEINBUCH                                                                    PLAINTIFF

v.                                        No. 4-08-CV-000456 JLH

HACHETTE BOOK GROUP                                                       DEFENDANT

**RESPONSE TO PLAINTIFF'S NOTICE OF
ADDITIONAL AUTHORITIES**

Plaintiff now claims that he "never" relied on *Frey v. Herculaneum*, 44 F.3d 667 (8th Cir. 1995), for the "no set of facts" pleading standard overruled in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), but he is wrong. He sets out in full the same six-line quotation from *Frey* at least six times in support of that standard in his response to Hachette's motion to dismiss. *See* Plaintiff's Response to Motion to Dismiss, Doc. No. 17, at pp. 12, 20, 24, 25, 27, 29. In his latest Notice of Additional Authorities, plaintiff cites two unpublished district court cases that cite *Frey*. Neither of these cases supports plaintiff's position that the "no set of facts" pleading standard survived *Twombly*. Both, instead, support Hachette's position that the complaint cannot even withstand the minimum pleading standard under *Frey*, which provides that: "[a]t the very least… the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Frey*, 44 F.3d at 671. Plaintiff's complaint does not meet the basic pleading standard under Fed. R. Civ. P. 8, and his complaint should be dismissed under Rule 12(b)(6).

In his Notice of Additional Authorities, plaintiff for the first time argues that Hachette should have filed a Rule 12(e) motion for a more definite statement rather than a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be

granted. A motion to dismiss is not interchangeable with a motion for a more definite statement. See 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (3d ed. 2004); *Humpherys v. Nager*, 962 F. Supp. 347, 352-53 (E.D.N.Y. 1997). A motion to dismiss is proper where, as here, the plaintiff has failed to allege a claim as a matter of law. *Id.* A motion for more definite statement is proper when a pleading that states a claim is so unclear that a response is not possible. *Id.*

Plaintiff's complaint raises only speculative and conclusory allegations, and thus fails to state a claim under Rule 8. For the reasons set forth in Hachette's moving papers, the complaint should be dismissed with prejudice.

> Respectfully submitted,
>
> WILLIAMS & ANDERSON PLC
> Twenty-Second Floor
> 111 Center Street
> Little Rock, AR 72201
> 501.372.0800
> cstone@williamsanderson.com
>
> By: /s/ Clayborne S. Stone
> Philip S. Anderson, Ark. Bar. No. 60001
> Clayborne S. Stone, Ark. Bar No. 2003102
>
> *Attorneys for Defendant Hachette Book Group*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2009, a copy of the foregoing Notice of Entry of Appearance was served on all counsel of record via this Court's CM/ECF system and a copy has been served via U.S. Mail upon:

Robert Steinbuch, Esquire
6834 Cantrell Road, #222
Little Rock, AR 72207.

/s/ Clayborne S. Stone