# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **Robert Steinbuch** | **:Index No.: 4-08-cv-000456 JLH** |
| **Plaintiff,** | **: (Chief Judge Leon Holmes)** |
| | : |
| **-v-** | : |
| | : |
| **Hachette Book Group, AKA Hatchette Book** | : |
| **Group** | : |
| **Defendant.** | : |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 1 7 2009

JAMES W. McCORMACK, CLERK

By:_____ DEP CLERK

## REPLY TO HACHETTE'S RESPONSE TO
## <u>NOTICE OF ADDITIONAL AUTHORITIES</u>

Hachette—apparently more inclined to waste this Court's time than confess its errors—now asserts that Plaintiff cited six times the "no set of facts" pleading standard. Hachette's Response to Notice of Additional Authorities at 1. Indeed, the quotes above around the "no set of facts" phrase are Hachette's—as Hachette explicitly claims Plaintiff specifically pleaded the "no set of facts" standard. *Id.* The problem for Hachette is that Plaintiff *never* stated the "no set of facts" standard on any of the pages cited by Hachette: A review of Plaintiff's brief demonstrates that those words are nowhere to be found on the pages Hachette cites, notwithstanding Hachette's false quotes to the contrary. *See* Plaintiff's Response to Hachette's Motion to Dismiss ("Plaintiff's Response to the MTD"). In fact, Plaintiff *never* used that standard *anywhere* in Plaintiff's Response to the MTD, and a review of Plaintiff's whole brief similarly demonstrates that that phrase is nowhere to be found. *Id.*

Plaintiff can continue to wish the contrary to cover its error, but it is simply not the case. And if all Hachette did was to so wish, we would have no problem. But Hachette does more. Hachette continues to misrepresent the truth to this Court. That is unfortunate— particularly given that in its previous filing Hachette conceded that the case that Plaintiff

Dockets.Justia.com

cited sets forth the "basic standard that continues to *thrive* in the Eighth Circuit." Hachette's January 30, 2009 Response to Plaintiff's Notice of Additional Authority at 2 (emphasis added). Hachette's most recent filing only further demonstrates its ever contorting and vacillating argument regarding whether *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) *is not* or *is* good law.

If Hachette's mischaracterization of Plaintiff's description of the pleading standard was the only false statement in Hachette's motion to dismiss, perhaps this error could be overlooked. But Hachette's motion to dismiss is replete with such errors.

By way of example, three of Hachette's errors follow:

1.    In its motion to dismiss, Hachette claimed that Plaintiff did not allege malice. This was patently false. The Complaint in this case states:

      58. Plaintiff is entitled to punitive damages in response to Defendant's reckless, **malicious**, intentional, and wanton conduct. [Complaint ¶ 58]

      29. These disclosures were not made for any purposes relating to the dissemination of news or material published in the public interest and of no legitimate public concern. These disclosures were cruel and **malicious** exposures of the most intimate details of Plaintiff's private life to the public. [Complaint ¶ 29]

      48. These statements were made and/or repeated intentionally, negligently, and/or with **actual malice** and conscious indifference to Plaintiff's rights and the consequences to Plaintiff. [Complaint ¶ 48]

2.    Hachette asserted in its motion to dismiss that the book written by the secret-prostitute-turned-author is fiction. This statement also was patently false. Cutler's contract with the Hyperion/Disney *required* the book to be based on her real-life blog. Exhibit 1 to Plaintiff's Response to the MTD (the Contract

2

for the book states "The *Washingtonienne* is a roman a clef . . . based on the author's real life social and sexual escapades as recorded in her scandal inducing blog, *Washingtonienne*.").

And Hyperion/Disney advertised the book as such, stating that the book is:

> [a] *sharp*, steamy, utterly unrepentant roman à clef exposing the scandalous <u>truth</u> of what goes on in the corridors of power on Capitol Hill, *based on the author's actual weblog of the same name*. Washington, D.C., staffer Jessica Cutler created a sensation last year when, in an on-line weblog meant just for friends, she began chronicling her late-night affairs with Washington power brokers. But word about her dishy and humorous account of her relationships with six different men on Capitol Hill inevitably spread around town and became such a hot topic that it got her fired from her entry-level job in <u>the office of Senator Mike DeWine (an Ohio Republican)</u>. Now, in *The Washingtonienne*, *Cutler's real-life experiences* in the capital become fodder for a sexy, *semi-autobiographical* novel that *is sure to initiate a new Washington parlor game of Who's Who*.

Exhibit 2 to Plaintiff's Response to MTD (emphasis added).    Indeed, immediately after Plaintiff filed suit in the D.C. Action, Hyperion/Disney took down this advertisement to cover its consciousness of guilt.

3.    Hachette claimed that Plaintiff disclosed the private facts at issue in the instant action during the D.C. case. This claim by Hachette too was patently false, as the Complaint in this case demonstrates:

> 20. Beginning on or about June 1, 2005 and thereafter, Defendant and others engaged in the ongoing acts of publication, commercialization, and/or distribution of the book the *Washingtonienne*. This book has the same title as, and tied to, the blog, "*Washingtonienne*." **The book is based upon Plaintiff's private facts never previously publicized**, which invaded Plaintiff's privacy-constitute a violation of Plaintiff's

publicity and personality rights, and inflicted emotional distress. [¶ 20 of the Complaint]

28. Defendant's actions of publication, commercialization, and/or distribution of the book, constitute an invasion of Plaintiff's privacy, satisfying the elements of the tort of publication of private facts. **Defendant caused widespread publication and publicity of private intimate facts concerning Plaintiff that had not been publicized in Cutler's blog or elsewhere** in a manner that would be deemed outrageous and highly offensive to an ordinary reasonable person of average sensibilities, subjecting Plaintiff to severe emotional distress, humiliation, embarrassment, and anguish. [¶ 20 of the Complaint]

The simple truth is that Hachette made incorrect factual and legal assertions regarding what Plaintiff stated as the standard of review for this Court—as well as the standard itself. Hachette should have merely conceded these errors when they were pointed out. Instead, Hachette continues to protest and protest—only further emphasizing this error and Hachette's other errors as well.

February 13, 2009

Robert Steinbuch
Plaintiff
6834 Cantrell Rd., #222
Little Rock, AR 72207
(718) 673-4393
robertsteinbuch@gmail.com

4

## CERTIFICATE OF SERVICE

Plaintiff served the attached motion by causing it to be mailed via US mail on defendant on February 13, 2009 at:

Philip Anderson et al.
Williams & Anderson
111 Center St.
Little Rock, AR 72201

In addition, plaintiff's filing will result in defendant also receiving service through the ECF system.

Robert Steinbuch