**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ROBERT STEINBUCH                                                                                    PLAINTIFF

v.                              No. 4:08CV00456 JLH

HACHETTE BOOK GROUP
a/k/a HATCHETTE BOOK GROUP                                     DEFENDANT

**OPINION AND ORDER**

This action is one of at least three actions filed by Robert Steinbuch seeking damages and equitable relief for the distribution of information through the internet, a book, and otherwise. One of the previous actions was filed in this district and resulted in an opinion by the United States Court of Appeals for the Eighth Circuit. *See Steinbuch v. Cutler*, 518 F.3d 580 (8th Cir. 2008), *cert. denied*, 129 S. Ct. 223 (2008). That action concerns the same novel that is at issue in this case but different defendants. The other action is pending in the District of Columbia and concerns a blog on the same topic as the novel but predating it. *See Steinbuch v. Cutler*, No. 05-970, 2007 WL 39422 (D.D.C. Jan. 8, 2007); *Steinbuch v. Cutler*, 463 F. Supp. 2d 4 (D.D.C. 2006); *Steinbuch v. Cutler*, 463 F. Supp. 2d 1 (D.D.C. 2006); *Steinbuch v. Cutler*, No. 05-0970, 2006 WL 1889987 (D.D.C. July 11, 2006); *Steinbuch v. Cutler*, No. 1:05CV970, 2006 WL 1805554 (D.D.C. June 29, 2006); *Steinbuch v. Cutler*, No. 05-0970, 2006 WL 979311 (D.D.C. Apr. 14, 2006).

This action is brought against Hachette Book Group, formerly known as the Time Warner Book Group, Inc. Hachette is the distributor of the novel pursuant to a contract with the publisher, Hyperion Books. Hachette has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For reasons that will be explained, that motion will be granted, and Steinbuch's complaint will be dismissed without prejudice.

## I.

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir.2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the court overruled *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957), which held, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". Accordingly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555, 127 S. Ct. at 1964-65 (citations omitted).

## II.

The complaint in this action alleges six claims for relief: public disclosure of private facts; misappropriation-violation of publicity, violation of personality rights; false light invasion of privacy; intrusion upon seclusion; defamation; and intentional infliction of emotional distress.

Despite the enumeration of six claims for relief, the real nature of Steinbuch's claim, as alleged in the complaint, appears to be a claim for public disclosure of private facts. Little effort appears to have been made to plead more than labels and conclusions with respect to the other five claims for relief. On each of those claims, Steinbuch appears to rely on a formulaic recitation of the elements of the cause of action, which the Supreme Court has held will not do. Therefore, the Court will address the other five claims for relief briefly before addressing the claim for public disclosure of private facts.

### A. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OR OUTRAGE

The elements of the tort of intentional infliction of emotional distress, also known as outrage, are as follows:

> To establish a claim of outrage, a plaintiff must demonstrate that (1) the defendant intended to inflict emotional distress or knew or should have known that the emotional distress would be the likely result of the conduct; (2) the conduct was extreme and outrageous beyond all possible bounds of decency and intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Steinbuch v. Cutler*, 518 F.3d at 590-91 (citing *Calvary Christian Sch., Inc. v. Huffstuttler*, 367 Ark. 117, 129, 238 S.W.3d 58, 68 (2006)). The complaint here does not state a claim for the tort of outrage. It does not describe conduct by Hachette so extreme and outrageous as to be beyond all possible bounds of decency and intolerable in a civilized community, nor does it allege that the plaintiff suffered emotional distress so severe that no reasonable person could be expected to endure it. Therefore, the outrage claim will be dismissed.

### B. DEFAMATION AND FALSE LIGHT INVASION OF PRIVACY

Although the complaint alleges in conclusory fashion that the book at issue contains

defamatory statements, the complaint identifies no specific defamatory statements[1] and fails to plead any facts supporting actual damage to his reputation. Therefore, the complaint fails to state a claim for relief for defamation under Arkansas law. *Faulkner v. Arkansas Children's Hosp.*, 347 Ark. 941, 957, 69 S.W.3d 393, 403 (2002). *Cf. Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1011 (8th Cir. 2005) (following Minnesota law in dismissing complaint for failing to plead defamation with specificity). By the same token, Steinbuch fails to make any specific allegations as to how the book casts him in a false light. Therefore, the claims for defamation and false light invasion of privacy will be dismissed without prejudice.

## C. INTRUSION

Steinbuch's intrusion claim fails because the complaint does not allege any intrusion by this defendant. "This tort requires actions on the defendant's part in the nature of prying or intrusion which is offensive or objectionable to a reasonable person." *Fletcher v. Price Chopper Foods of Trumann, Inc.*, 220 F.3d 871, 875-76 (8th Cir. 2000) (quoting *Williams v. American Broad. Cos., Inc.*, 96 F.R.D. 658, 669 (W.D. Ark. 1983)). Prosser explains that one commits an intrusion by invading another's home or other quarters, an illegal search, eavesdropping upon private conversations, peering into the windows of a home, persistent and unwanted telephone calls, unauthorized prying into a bank account, or the like. PROSSER & KEETON ON THE LAW OF TORTS 854-55 (W. Page Keeton, Dan B. Dobbs, Robert E. Keeton, & David G. Owen, eds., 5th ed. 1984); s*ee also Wal-Mart Stores, Inc. v. Lee*, 348 Ark. 707, 74 S.W.3d 634 (2002); *Dunlap v. McCarty*, 284

---

[1] In his brief, Steinbuch alleges that the character in the novel corresponding to him is described as a recovering alcoholic, whereas he is not an alcoholic, recovering or otherwise. However, that allegation is not in the complaint, and the Court declines to consider it. Therefore, the Court does not address the issue of whether the statement that someone is a recovering alcoholic is defamatory.

Ark. 5, 9, 678 S.W.2d 361, 364 (1984). Nothing of that sort is alleged in the complaint. Therefore, the intrusion claim will be dismissed.

**D.    MISAPPROPRIATION.**

The complaint fails to allege, other than in conclusory fashion, any misappropriation of Steinbuch's name or likeness. *See* AMI CIVIL 421 (2009). Therefore, the misappropriation claim will be dismissed.

**E.    PUBLIC DISCLOSURE OF PRIVATE FACTS.**

As noted above, the real nature of Steinbuch's claim seems to be that the distribution of the book involves the public disclosure of private facts. The complaint does not specify Hachette's role with respect to the book at issue, but the public record in Steinbuch's earlier case in this district reflects that Hachette is the distributor of the book. *See Steinbuch v. Cutler*, 518 F.3d at 584. Steinbuch does not dispute the contention that Hachette is merely a distributor, not an author or a publisher, nor does he argue that the Court cannot take note of that fact from the public record in the action that he previously filed in this district. *Cf. Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (in ruling on a motion to dismiss under Rule 12(b)(6), a court may rely on materials that are part of the public record).

Although there are no Arkansas cases on point, the District Court for the Eastern District of California has held that to state a libel claim against a distributor of newspapers and magazines the complaint must make specific allegations of facts demonstrating either actual knowledge of the tortious nature of the book or facts giving rise to a duty to investigate. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 465 (E.D. Cal. 1979). As mentioned above, the complaint does not even specify Hachette's role in this matter, much less contain specific allegations of fact showing that, as a mere distributor, it

had knowledge of the tortious nature of the book or knowledge of facts giving rise to a duty to investigate. Therefore, the claim for public disclosure of private facts will be dismissed.

In addition to the argument that the complaint fails to allege a claim for distributor liability, Hachette also argues that Steinbuch's claim is barred because his pleadings in the District of Columbia quoted salacious passages from the blog that predated the book. *See* RESTATEMENT (SECOND) OF TORTS § 652D, cmt. b (1977) (stating that there is no liability for disclosing facts already in the public record). However, the complaint alleges that the book includes information never before published. The Court cannot say from the pleadings that Steinbuch's claim is barred because he quoted salacious passages from the blog in the pleadings that he filed in the District of Columbia. Similarly, Hachette argues that Steinbuch is a public figure, but the Court cannot make such a finding based on the pleadings.

Finally, it should be noted that the parties have not briefed, and the Court has not considered, the issue of whether, if A and B conjoin in a private place, and A later decides to publish an account of her experience in that encounter, B can bring an action for invasion of privacy. To put it another way, in that circumstance, does A need B's consent to publish an account of her experience with him? That issue has not been argued and is not being decided. *Cf. Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1234 (7th Cir. 1993) ("[T]he revelation of such details in the memoirs of former spouses and lovers is common enough and rarely provokes a lawsuit . . . .").

**CONCLUSION**

The Court has concluded that the complaint fails to state a claim for relief against Hachette Book Group. Therefore, the complaint is dismissed without prejudice. If Steinbuch wishes to seek leave to amend, he must file his motion for leave to amend, with the proposed amended complaint

6

attached as required by Local Rule 5.5(e), within 30 days of the entry of this order. If he does not file such a motion, the Court will enter a final order dismissing this action.

IT IS SO ORDERED this 8th day of April, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE