FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 0 1 2009

JAMES W. McCORMACK CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
-------------------------------------------------
Robert Steinbuch            : Index No.: 4-08-cv-000456 GTE
    Plaintiff,              :                              JLH
                            : (oral argument requested)
-v-                         :
                            :
Hachette Book Group, AKA Hatchette Book :
Group                       :
    Defendants.             :
-------------------------------------------------

### RESPONSE TO DOC. # 41—DEFENDANT'S MOTION TO FILE A SURREPLY REGARDING PLAINTIFF'S MOTION TO AMEND

Plaintiff responds as follows:

A.  <u>Facts Do Not Change Based on Convenience to the Person Arguing Them</u>

Defendant for the first time has decided to argue that the law of Washington D.C. applies in this case. Defendant never raised this argument in its previous omnibus motion to dismiss, and counsel has previously stated that there is <u>no jurisdiction</u> in Washington D.C.—a necessary predicate to applying D.C. law. Defendant's position *du jour* is without merit.

Defendant attempts to argue that the claims by its counsel that "the alleged injury giving rise to plaintiff's lawsuit, i.e., the publication of the *Washingtonienne*, <u>did not occur in within the District of Columbia</u>[, that] ... **<u>plaintiff was a resident of Maryland, not Washington, D.C.</u>**, when the *Washingtonienne* (the "Book") was published, and [that] <u>he alleges . . . that the harm giving rise to his lawsuit occurred in Arkansas, not Washington, D.C.</u>," *Steinbuch v. Cutler*, 4:06-cv-00620-JLH, Doc. 76 at 2 (emphasis added), should not apply here. Defendant is mistaken.

Defendant's counsel <u>successfully</u> made the argument that:

> There is no basis upon which a court in the District of Columbia can assert . . . jurisdiction over [Defendant] because the alleged injury giving rise to plaintiff's lawsuit, i.e., the publication of the *Washingtonienne*, did not occur in within the District of Columbia. Moreover, plaintiff was a resident of Maryland, not Washington, D.C., when the *Washingtonienne* (the "Book") was published, and he alleges in his first amended complaint that the harm giving rise to his lawsuit occurred in Arkansas, not Washington, D.C.

*Steinbuch v. Cutler*, 4:06-cv-00620-JLH, Doc. 76 at 2.

These conclusions stand in direct contrast to what the same counsel is arguing here, and the only argument that is offered is that this case involves the book's distributor rather than its publisher—both represented by the same counsel. This argument is precluded under the doctrine of judicial estoppel. As the Eighth Circuit stated:

> Unlike its related counterparts—collateral estoppel, which prevents repetitive litigation, and equitable estoppel, which prevents contracting parties from asserting contradictory positions to ensure fairness between them—judicial estoppel is "'<u>designed to preserve the dignity of the courts and insure order in judicial proceedings</u>.'" Because the doctrine's focus is on the court's integrity, <u>judicial estoppel does not require proof of privity</u>, reliance, or prejudice by the party invoking it. Judicial estoppel prevents a person who states facts under oath during the course of a trial from denying those facts in a second suit, even though the parties in the second suit may not be the same as those in the first. "Furthermore, even when the prior **statements were not made under oath, <u>the doctrine may be invoked to prevent a party from playing 'fast and loose with the courts</u>.'"**

*Monterey Dev. Corp. v. Lawyer's Title Ins. Corp.*, 4 F.3d 605, 609 (8th Cir. 1993) (emphasis added). **Defendant's position here is** "playing 'fast and loose with the courts.'" *Id.* Facts do **not change depending on the party represented** or the motion on which the facts are presented. **Facts are facts, and counsel for Defendant** is bound by the facts that it has presented that "**the alleged injury giving rise to plaintiff's** lawsuit, i.e., the publication of the *Washingtonienne*, <u>did not occur in within the District of Columbia</u>[,

1

that] ... <u>plaintiff was a resident of Maryland, not Washington, D.C.</u>, when the *Washingtonienne* (the "Book") was published, and [that] <u>he alleges . . . that the harm giving rise to his lawsuit occurred in Arkansas, not Washington, D.C.</u>" *Steinbuch v. Cutler*, 4:06-cv-00620-JLH, Doc. 76 at 2 (emphasis added).

Counsel may not now—for the first time—abandon its very own, recent, and unequivocal statement that "the alleged injury giving rise to plaintiff's lawsuit, i.e., the publication of the *Washingtonienne*, <u>did not occur in within</u> the District of Columbia[, that] ... <u>plaintiff was a resident of Maryland, not Washington</u>, D.C., when the *Washingtonienne* (the "Book") was published, and [that] <u>he alleges</u> . . . that <u>the harm giving rise to his lawsuit occurred in Arkansas</u>, not Washington, D.C.," *Steinbuch v. Cutler*, 4:06-cv-00620-JLH, Doc. 76 at 2 (emphasis added), in pleadings before this Court in a related action regarding the same operative facts. *Cf.* Ark. Rule of Prof. Conduct 1.7; HOWARD BRILL, ARK. RULE OF PROF. CONDUCT 91 (ABA suggests that attorney should <u>not</u> argue the inconsistent legal positions in the same court, and that was for the less-controversial legal inconsistency—not the patently contradictory factual inconsistency). This Court should not be subjected to ever-changing factual assertions by the same counsel. There is never a time in which one could rationally argue different factual accounts of the same events. Facts do not change based on the convenience to person arguing them.

Finally, Defendant's assertion that the claim by counsel that "the alleged injury giving rise to plaintiff's lawsuit, i.e., the publication of the *Washingtonienne*, <u>did not occur in within</u> the District of Columbia[, that] ... <u>plaintiff was a resident of Maryland, not Washington, D.C.</u>, when the *Washingtonienne* (the "Book") was published, and [that]

2

he alleges . . . that the harm giving rise to his lawsuit occurred in Arkansas, not Washington, D.C.," *Steinbuch v. Cutler*, 4:06-cv-00620-JLH, Doc. 76 at 2 (emphasis added), in pleadings before this Court in a related action regarding the same operative facts, was on a different motion is not only of no avail, it is of no legal moment. There is never a time in which one could rationally argue different factual accounts of the same events.

B.  Defendant is Bound by this Court's Ruling

Defendant continues to argue that Arkansas is a "single publication rule" state. Defendant states: "Judge Wilson did not decide what Arkansas law ultimately is — he simply held that Arkansas 'has not developed or considered this rule.' Steinbuch v. Cutler, 2007 WL 486626 at *7 (E.D. Ark. Feb. 7, 2007)." Defendant continues: "For the reasons previously discussed in Hachette's Opposition, we respectfully suggest this conclusion was incorrect." However, by holding "that Arkansas 'has not developed or considered [the single publication] rule[,]' Judge Wilson did [] decide what Arkansas law ultimately is." That is, absent legislative or judicial adoption of the single publication rule, Arkansas would remain in the default position as a multiple publication state.

Defendant now argues that Judge Wilson was wrong—notwithstanding that the same counsel did not raise any objection on appeal to this holding when the matter was before the Eighth Circuit. As discussed:

> [u]nder the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed

3

> circumstances exist; or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion.

*United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

> The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. As this Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.

*Allen v. McCurry*, 449 U.S. 90, 94 (U.S. 1980).

Of course, Defendant is also caught in a quandary, because it admits that its continued claim that Arkansas is a single-publication state, cuts *against* its claim that Washington D.C. law somehow applies, notwithstanding that Defendant's counsel has already admitted "the alleged injury giving rise to plaintiff's lawsuit, i.e., the publication of the *Washingtonienne*, did not occur in within the District of Columbia[, that] ... plaintiff was a resident of Maryland, not Washington, D.C., when the *Washingtonienne* (the "Book") was published, and [that] he alleges . . . that the harm giving rise to his lawsuit occurred in Arkansas, not Washington, D.C." *Steinbuch v. Cutler*, 4:06-cv-00620-JLH, Doc. 76 at 2 (emphasis added).

D.  Defendant Does Not Say Much about its Apparent Mistake

Defendant contended that Plaintiff filed the first Arkansas action "exactly two days before the one-year anniversary of what Steinbuch understood to be the formal publication of the book." Def's Br. at 6-7. In its prior filing, Plaintiff corrected

4

Defendant's apparent mistake by conclusively demonstrating that "[i]n that first complaint, Plaintiff stated that the date of publication was June 15, 2005—not June 1, 2005. *Steinbuch v. Cutler and Hyperion*, 4:06-cv-00620-WRW, Doc. 1 at ¶17." Obviously, when Plaintiff filed his complaint in May, it was nearly <u>three weeks</u> "before the one-year anniversary of what Steinbuch understood to be the formal publication of the book." Def's Br. at 6-7.

Defendant, however, seems to stand by its now demonstrably-incorrect argument. As such, Defendant seems to be arguing that because Plaintiff filed a complaint somewhere within one year of a Defendant's tortious behavior, where the statute of limitations is for three years, that the filing is somehow "evidence" that the plaintiff believed that the statute of limitations from the District of Columbia applied—notwithstanding that "the alleged injury giving rise to plaintiff's lawsuit, i.e., the publication of the *Washingtonienne*, <u>did not occur in within</u> <u>the District of Columbia</u>[, that] ... <u>plaintiff was a resident of Maryland, not Washington,</u> D.C., when the *Washingtonienne* (the "Book") was published, and [that] <u>he alleges</u> . . . that <u>the harm giving rise to his lawsuit occurred in Arkansas,</u> not Washington, D.C." *Steinbuch v. Cutler*, 4:06-cv-00620-JLH, Doc. 76 at 2 (emphasis added). No such conclusion can be rationally drawn, no less legally determined on a motion to dismiss. Defendant's argument is without merit.

E. <u>Defendant Misstates *Ganey v. Kawasaki Motors Corp.*</u>

Defendant incorrectly contends that *Ganey v. Kawasaki Motors Corp.* holds that statutes of limitations are substantive and, thus, subject to a choice of law analysis. Defendant misstates the law.

Statutes of limitation are generally procedural, and, in such circumstances, Arkansas statutes of limitations apply to actions brought in Arkansas. *Gomez v. ITT Educ'l Services*, 348 Ark. 69, 75-76 (2002). That is the case here.

In *Ganey*, quoting *Gomez v. ITT Educ'l Services*, the Arkansas Court stated:

> [S]tatutes of limitations are indeed generally considered to be procedural in nature. However, this court has also held that statutes of limitations are to be distinguished from statutes which create a right of action not existing at common law and restrict the time within which action may be brought to enforce the right. Although the general rule is that a true statute of limitations extinguishes only the right to enforce the remedy and not the substantive right itself, the limitation of time for commencing an action under a statute creating a new right enters into and becomes a part of the right of action itself and is a limitation not only of the remedy but of the right also; the right to recover depends upon the commencement of the action within the time limit set by the statute, and if that period of time is allowed to elapse without the institution of the action, the right of action is gone forever. Thus, time limitations which are set out in a statute creating a right—such as the statute of limitations contained within the wrongful-death act—are substantive, not procedural in nature.

*Ganey v. Kawasaki Motors Corp.*, 366 Ark. 238, 250 (2006) (emphasis added).

As can be seen, the Court in *Ganey* and *Gomez* held that statutes of limitation only become substantive when they are created with a right of action not existing at common law. *Id.* In *Ganey*, the cause of action was not found in common law, but, rather, was created by a statute that also contained the statute of limitations. *Id.*

In contrast, all of the causes of action here exist in common law. *Olan Mills, Inc. v. Dodd*, 234 Ark. 495 (1962). As such, Defendant's attempt to analogize *Ganey* is misplaced.

Moreover, as is apparent, the Arkansas statute of limitations that controls here did *not* create the common law causes of action at issue here:

6

**16-56-105. Actions with limitation of three years.**

The following actions shall be commenced within three (3) years after the cause of action accrues:

(1) All actions founded upon any contract, obligation, or liability not under seal and not in writing, excepting such as are brought upon the judgment or decree of some court of record of the United States or of this or some other state;

(2) All actions for arrearages of rent not reserved by some instrument in writing, under seal;

(3) All actions founded on any contract or liability, expressed or implied;

(4) All actions for trespass on lands;

(5) All actions for libels; and

(6) All actions for taking or injuring any goods or chattels.

A.C.A. § 16-56-105. *See, e.g., Norris v. Bakker*, 320 Ark. 629, 634 (1995).

Defendant's argument is in error.

F. <u>Defendant's Final Argument is Unclear (at best)</u>

In Defendant's second argument enumerated number "4," Defendant seems to be arguing that in the bankruptcy action against a different party, that the fact that that action relates to two non-dischargeable actions, with one in Washington D.C., somehow means that the instant action is governed by D.C. law. That argument is without merit.

Regarding the sale of the book at issue here, Defendant's counsel <u>successfully</u> made the argument that:

> There is no basis upon which a court in the District of Columbia can assert . . . jurisdiction over [Defendant] because the alleged injury giving rise to plaintiff's lawsuit, i.e., the publication of the *Washingtonienne*, did not occur in within the District of Columbia. Moreover, plaintiff was a resident of Maryland, not Washington, D.C., when the *Washingtonienne* (the "Book") was published, and he alleges in his first amended complaint

that the harm giving rise to his lawsuit occurred in Arkansas, not Washington, D.C.

*Steinbuch v. Cutler*, 4:06-cv-00620-JLH, Doc. 76 at 2. Defendant is merely attempting to conflate separate actions here.

## Conclusion

Plaintiff prays that this Court will grant its motion to amend.

July 1, 2009

Robert Steinbuch
Plaintiff
6834 Cantrell Rd., #222
Little Rock, AR 72207
(718) 673-4393
robertsteinbuch@gmail.com

CERTIFICATE OF SERVICE

Plaintiff served the attached motion by US mail on defendant on July 1, 2009 at:

Philip Anderson et al.
Williams & Anderson
111 Center St.
Little Rock, AR 72201

In addition, plaintiff's filing will result in defendant also receiving service through the ECF system.

Robert Steinbuch