# LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

WASHINGTON, D.C.    NEW YORK    PHILADELPHIA    DENVER

1050 SEVENTEENTH STREET, N.W.
SUITE 800
WASHINGTON, D.C. 20036
(202) 508-1100 PHONE
(202) 861-9888 FAX
www.lskslaw.com

WRITER'S DIRECT DIAL
202-508-1184
nsiegel@lskslaw.com

July 6, 2009

**VIA ECF AND HAND DELIVERY**

The Honorable J. Leon Holmes
Chief Judge
United States District Court
Richard Sheppard Arnold U.S. Courthouse
600 West Capitol Avenue
Little Rock, AR 72201-3325

      Re:   *Robert Steinbuch v. Hachette Book Group*
              Case No: 4-08-CV-000456 JLH

Dear Judge Holmes:

      We have received Plaintiff's Response to Hachette's Motion for Leave to File a Sur-Reply [Dkt. No. 47]. The Response would appear to be moot, since six days before it was filed the Court had granted the motion to which Plaintiff now responds.

      If the Court were nonetheless to consider the Response, we note that, for the most part, Plaintiff merely repeats arguments that the parties have already addressed. In addition, Plaintiff raises a new argument for the first time. Plaintiff now argues that Arkansas law automatically determines the statutes of limitation for his claims. Plaintiff argues that *Ganey v. Kawasaki Motors Corp., U.S.A.*, 366 Ark. 238, 234 S.W.3d 838 (2006), merely applied a narrow, pre-existing exception to the traditional rule that statutes of limitation should be considered "procedural" for choice of law purposes. That exception, previously recognized in *Gomez v. ITT Educational Services, Inc.*, 366 Ark. 238, 71 S.W.3d 542 (2002), had been confined to cases where the underlying "cause of action" was "created by a statute that also contained the statute of limitations", Pl.'s Resp. at 6. Plaintiff asserts *Ganey* was merely another example of such a case. *Id.* However, Plaintiff argues that *Ganey* is inapplicable to this case because Plaintiff's claims against Hachette involve common-law causes of action, so Arkansas courts would automatically apply the applicable Arkansas statutes of limitation as a matter of "procedure."

      Plaintiff's argument is all based on an inaccurate characterization of *Ganey*. *Ganey* involved claims for negligence, breach of warranties, strict products liability, and civil conspiracy. These were not claims in which a limitations periods was embedded within the same statute that also created these causes of action, under either Arkansas or Louisiana law. Rather, the statutes of limitations at issue in *Ganey* were generic, applying to many different causes of action, similar to the D.C. and Arkansas statutes at issue in this case. Indeed, Plaintiff's logic

would seem to require the conclusion that, uniquely among the states, all Louisiana statutes of limitation are always entitled to "substantive" consideration by Arkansas courts because Louisiana is not a common-law state. Nothing in the language of *Ganey* or any other authority of which we are aware supports that proposition.

Rather, the Court in *Ganey* quoted *Gomez* as a prior example of the broader proposition that "there is no merit to the [] claim that Arkansas law automatically applies to an issue involving the applicable statute of limitations," *id* at 250, which is the very proposition Plaintiff now asserts with respect to this case. More broadly, *Ganey* clarified that Arkansas choice-of-law rules no longer mechanically adhere to the traditional categorical approaches that were still preferred in *Gomez* and other prior cases, and which Plaintiff asserts should still be used. *Id.* at 251. Notably, another leading authority does not construe *Ganey* as merely applying the same scenario considered in *Gomez*. Rather, it cites *Ganey* for the proposition that Arkansas now employs "a more flexible choice of law analysis which can lead to the application of foreign law [with respect to statutes of limitation]," analogous to the approach taken by the *Restatement (Second) of Conflict of Laws*. *See* 2 Ark. Prac. & Proc. § 6:4 & n. 16.

Finally, Hachette requests that the issues raised in Plaintiff's Motion for Leave to Amend be deemed submitted for resolution by the Court.

Respectfully yours,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By  /s/ Nathan Siegel
      Nathan Siegel

WILLIAMS & ANDERSON P.C.

By  /s/ Philip S. Anderson
      Philip S. Anderson

cc:   Professor Robert Steinbuch (via e-mail and regular mail)