## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

ROBERT STEINBUCH                                                                                      PLAINTIFF

v.                                      No. 4:06CV00620 JLH

JESSICA CUTLER and
HYPERION BOOKS                                                                                       DEFENDANTS

* * * * * * * * * * * * * * * * * *

ROBERT STEINBUCH                                                                                      PLAINTIFF

v.                                      No. 4:08CV00456 JLH

HACHETTE BOOK GROUP                                                                                   DEFENDANT

### ORDER

Robert Steinbuch has two related actions. Case No. 4:06CV00620 was commenced in 2006 against Jessica Cutler, Hyperion Books, Disney Publishing Worldwide, Home Box Office, and Time Warner, alleging that the publication of a book invaded his privacy and intentionally inflicted emotional distress upon him. The Court dismissed the action against Cutler, Hyperion Books, and Disney Publishing Worldwide for lack of personal jurisdiction, and the Court dismissed the action against Home Box Office and Time Warner for failure to state a claim. Steinbuch appealed, but his appeal of the dismissal of Cutler was stayed after she filed a bankruptcy petition in New York. The Eighth Circuit affirmed except as to Hyperion Books, which is the publisher of the book. *See Steinbuch v. Cutler*, 518 F.3d 580 (8th Cir. 2008). As to Hyperion Books, the Eighth Circuit reversed and remanded for further proceedings on the issue of whether Hyperion is subject to general jurisdiction of the courts of the state of Arkansas. The Eighth Circuit found that Steinbuch had not been given an opportunity to engage in discovery related to that issue and remanded for tailored discovery to elicit whether Hyperion's contacts with Arkansas were so continuous and systematic

as to warrant general jurisdiction. On remand, this Court ordered discovery limited to the issue of whether Hyperion is subject to general jurisdiction of the courts of the state of Arkansas.

Hyperion has now given notice that it consents to personal jurisdiction. Therefore, discovery on that issue is no longer needed.

While the case against Hyperion was pending, Steinbuch commenced an action against Hachette Book Group, Case No. 4:08CV00456. Hachette is the distributor of the book that is published by Hyperion Books and about which Steinbuch complains. Although that action has been pending for more than a year, discovery has not begun. Instead, the litigation has been limited to the issue of whether the complaint states a claim for relief. Discovery on the merits has begun in neither case. In both cases, Steinbuch has filed a motion to amend the complaint. The proposed amended complaints are very similar, and it appears that many of the paragraphs in the two proposed complaints, perhaps a majority them, are identical.

Because the two actions are virtually identical, and because both now are at essentially the same stage, the Court has concluded that they should be consolidated. To accomplish consolidation of these two actions, the Court orders Steinbuch to file an amended complaint naming Hyperion Books and Hachette Book Group as defendants in Case No. 4:08CV00456. Upon the filing of that amended complaint in Case No. 4:08CV00456, Case No. 4:06CV00620 will be administratively terminated. Upon the filing of the amended complaint, the defendants may file motions to dismiss on any appropriate ground other than lack of personal jurisdiction.

Because one amended complaint will be filed naming Hyperion and Hachette as defendants, the Court will not address the sufficiency of the two proposed amended complaints. The motion to

amend in Case No. 4:06CV00620 is DENIED as moot. Document #154. The motion to amend in Case No. 4:08CV00456 is DENIED as moot. Document #31.

Steinbuch is directed to file his amended complaint in Case No. 4:08CV00456 naming Hyperion and Hachette as defendants within 30 days of the entry of this order. Cutler has been dismissed and should not be named as a defendant unless and until the automatic stay is lifted and the Eighth Circuit reverses the Court's dismissal of her from Case No. 4:06CV00620.

IT IS SO ORDERED this 29th day of July, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE